# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TODD SUTKA, on behalf of himself
and others similarly situated,

       *Plaintiffs*,

v.

YAZAKI NORTH AMERICA INC.,

       *Defendant.*

---

| | |
|---|---|
| PHILIP J. GOODMAN, P.C.<br>Philip J. Goodman (P14168)<br>280 N. Old Woodward Ave., Suite 407<br>Birmingham, MI 48009<br>248-647-9300<br>pjgoodman1@aol.com<br><br>Attorney for Plaintiffs | BAILEY PEAVEY BAILEY COWAN<br>HECKAMAN PLLC<br>Robert W. Cowan<br>440 Louisiana St., Suite 2100<br>Houston, Texas 77002<br>713-425-7100<br>rcowan@bpblaw.com<br><br>Attorney for Plaintiffs |

## COLLECTIVE AND CLASS ACTION COMPLAINT

1.    Yazaki North America Inc. (hereinafter "Defendant" or "Yazaki"), an automotive component maker and supplier doing business throughout the country including Michigan and Ohio, is violating the Fair Labor Standards Act ("FLSA") and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, by forcing Plaintiff Todd Sutka ("Plaintiff" or "Mr. Sutka") and similarly situated workers to work a substantial amount of overtime without properly and timely paying all compensation

1

due, thus depriving them of rightful compensation for their work that Yazaki is legally obligated to pay.

2. Plaintiff Todd Sutka works for Yazaki as a Resident Engineer/Senior Resident Engineer (collectively hereinafter "Resident Engineer") in Toledo, Ohio and is being damaged by those illegal policies or practices. In short, Plaintiff is being denied the timely overtime compensation he is due under the FLSA and Ohio law. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former Resident Engineers to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals. Plaintiff brings this action both individually and as a collective action under the FLSA, 29 U.S.C. §§ 206, 207, and 216(b) on behalf of all similarly situated current or former Yazaki Resident Engineers. Plaintiff also brings this case as a class action under Federal Rule of Civil Procedure 23 for penalties under the OPPA for Yazaki's failure to timely pay its Ohio-based Resident Engineers all the compensation they are due.

## I. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*. The Court also has jurisdiction over Plaintiff's OPPA claim under 28 U.S.C. § 1367(a).

4. Venue is proper because Defendant's principal place of business is located in this district in Canton, Michigan. 28 U.S.C. § 1391(b)(1).

## II. THE PARTIES

5. Plaintiff Sutka works as a Resident Engineer for Yazaki in Toledo, Ohio. His primary duty is working on and with the assembly line at Toledo's Jeep vehicle assembly plant, assisting with production and assuring quality control of Yazaki components being installed on the new Jeep vehicles being assembled at the plant. More specifically, as a Resident Engineer, Mr. Sutka is responsible for actively monitoring Yazaki product quality on the assembly line, including physically assembling, diagnosing, repairing, and performing other maintenance and quality assurance-related activities for the automotive products. He regularly works in excess of 40 hours per week without timely receiving all the compensation he is due under the FLSA and Ohio law. Plaintiff's FLSA consent is attached as Exhibit A.

6. The FLSA class of similarly situated employees consists of all current and former Resident Engineers, as that term is defined above, who were employed by Yazaki during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the FLSA Class."

7. Defendant Yazaki North America Inc. is a foreign for-profit corporation with a principal place of business at 6801 Haggerty Road, Canton,

Michigan 48187, which is engaged in commerce in the United States and is otherwise subject to the FLSA. Yazaki employs Plaintiff within the meaning of the FLSA and Ohio law. Yazaki may be served with process by serving its Registered Agent, CSC-Lawyers Incorporating Service (Company), 601 Abbot Road, East Lansing, Michigan 48823.

### III. GENERAL ALLEGATIONS

8. The preceding paragraphs are incorporated by reference.

9. Yazaki calls itself "a global leader in the research, development and delivery of vehicle power and data solutions for automotive applications."[1] It produces automotive components such as wire harnesses, power distribution and control products, connectors, driver information systems, sensors, and hybrid and electric vehicle products. Yazaki sells its products to customers—including automotive manufacturers like Fiat Chrysler Automobiles—around the world, including across the United States. Yazaki also staffs its own personnel to work in automotive assembly plants where its parts are installed on new vehicles, including Resident Engineers like Mr. Sutka. Mr. Sutka works at Fiat Chrysler's Jeep production plant in Toledo, Ohio. Among other hands-on responsibilities, the Resident Engineers actively monitor Yazaki product quality on the assembly line,

---

[1] Yazaki North America, Inc. website, *available at* http://www.yazaki-na.com/en/company/ (last visited on February 2, 2016).

including physically assembling, diagnosing, repairing, cleaning, and performing other maintenance and quality assurance-related activities for Yazaki's automotive products. Yazaki Resident Engineers like Mr. Sutka do not hold any professional engineering licensure and were primarily trained on the job.

10. Several years ago, Yazaki paid its Resident Engineers by the hour, including overtime compensation at a rate of 1.5 times the Resident Engineers' regular hourly rates. Sometime later, prior to three years before filing this Complaint, Yazaki declared that its Resident Engineers were "exempt" from overtime and had its Resident Engineers, including Plaintiff, sign paperwork reflecting that new exemption status as determined by Yazaki. Since that time, Plaintiff and Members of the FLSA Class have been paid a "salary"—reflected on their paychecks as an hourly rate for work up to 40 hours in a workweek. In addition, if Resident Engineers work more than 45 hours in a workweek, then they are paid "straight overtime," or additional hourly amounts equal to their regular hourly rates for every hour worked over 45 hours. Yazaki calls such additional amounts "Straight OT," "Straight OT-Salary," and or "Premium Pay." Yazaki's Resident Engineers are effectively unpaid for hours worked over 40 but less than 45 in a workweek, since their "salary" covers the first 40 hours worked, but the "straight overtime" pay does not kick in until at least 45 hours are worked and only for hours worked thereafter.

11. Yazaki has misclassified Plaintiff and the Members of the FLSA Class. Specifically, federal overtime "exempt" status "do[es] not apply to manual laborers or other 'blue collar' workers" such as "non-management production-line employees" like "operating engineers" and "laborers," who "are entitled to minimum wage and overtime premium pay under the Fair Labor Standards Act, and are not exempt under the regulations . . . no matter how highly paid they might be." 29 C.F.R. § 541.3. Thus, notwithstanding Yazaki's misclassification of the Resident Engineers, Plaintiff and Members of the FLSA Class should have received their regular hourly rate for all work performed up to 40 hours, then received overtime compensation at a rate of 1.5 times their regularly hourly rate for all hours worked over 40 in a workweek. But, as noted in the paragraph above, that is not how Yazaki paid its Resident Engineers. Yazaki's policy and practice of paying its Resident Engineers a salary plus straight overtime for work over 45 hours is a violation of the FLSA and applicable regulations.

12. The FLSA and applicable regulations require that non-exempt individuals like Yazaki's Resident Engineers receive at least minimum wage for all hours suffered or permitted to work, as well as overtime compensation at a rate of 1.5 times the regularly hourly rate for all hours worked over 40 in a workweek. Yazaki willfully failed to follow these rules when paying Plaintiff and Members of the FLSA Class.

13. Yazaki had a policy and/or practice of not paying its Resident Engineers for all of the overtime they worked each week at the proper rate. Yazaki knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff and Members of the FLSA Class. Indeed, as noted, Yazaki formerly paid the Resident Engineers in accordance with FLSA requirements before it declared the Resident Engineers "exempt"—i.e., they formerly received a regular hourly rate plus overtime at 1.5 times the regularly hourly rate for hours worked over 40 in a workweek.

14. Additionally, Yazaki failed to comply with the OPPA because it failed to timely pay its Ohio-based Resident Engineers, like Plaintiff, all the wages they were due in accordance with Ohio law. Ohio Rev. Code § 4113.15(A), (B). As a result, the Ohio-based Resident Engineers are entitled to liquidated damages of six percent of the amount of the claimed overdue wages or $200, whichever is greater. *Id.* § 4113.15(B).

### IV. FLSA COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(B)

15. The preceding paragraphs are incorporated by reference.

16. Plaintiff is aware that Yazaki's illegal pay policies or practices have been imposed upon Members of the FLSA Class. Like Plaintiff, Members of the FLSA Class are employed by Yazaki as Resident Engineers who perform the same duties as Plaintiff, as described above. As with Plaintiff, Members of the FLSA

Class frequently worked substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

17. Yazaki's failure to properly compensate Plaintiff and Members of the FLSA Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, it is a policy and/or practice at Yazaki to pay its Resident Engineers for less than all the overtime hours that such Resident Engineers are suffered or permitted to work. As such, the Members of the FLSA Class are owed additional overtime compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiff.

18. Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former Resident Engineers who were employed by Yazaki North America, Inc. during the three-year period preceding the filing of this complaint.**

19. Members of the FLSA Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

20. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

### V. RULE 23 CLASS ACTION ALLEGATIONS UNDER THE OHIO PROMPT PAY ACT, OHIO REV. CODE § 4113.15

21. The preceding paragraphs are incorporated by reference.

22. By failing to timely pay its Ohio-based Registered Engineers in accordance with the OPPA, Yazaki violated Ohio law. Plaintiff and the Ohio-based Resident Engineers (the putative "Ohio Resident Engineer Class") are entitled to recover an amount equal to six percent of the amount of unpaid wages or $200, whichever is greater, and all other relief available under Ohio law. Specifically, instead of paying Plaintiff and members of the Ohio Resident Engineer Class the overtime wages they were owed within 30 days of their regularly scheduled paydays, Yazaki has never paid Plaintiff and members of the Ohio Resident Engineer Class their proper overtime wages since Yazaki declared Resident Engineers to be "exempt" from overtime under the FLSA.

23. Plaintiff brings this class action on behalf of the Ohio Resident Engineer Class pursuant to Federal Rule of Civil Procedure 23. Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

24. Upon information and belief, the number of Ohio Resident Engineer Class members is so numerous that joinder of all their claims is impracticable. The precise number of class members and their addresses are readily determinable from Yazaki's records.

25. There are common questions of fact and law as to the Ohio Resident Engineer Class that predominate over any questions affecting only individual class

members. The questions of law and fact common to the Ohio Resident Engineer Class arising from Yazaki's actions/omissions include, but are not limited to, the following:

   a. whether Yazaki employs or employed Plaintiff and the Ohio Resident Engineer Class members as Resident Engineers, as defined above, and pursuant to the OPPA;

   b. whether Yazaki failed or refused to pay Plaintiff and the Ohio Resident Engineer Class members in a timely manner in accordance with Ohio Rev. Code § 4113.15(A) & (B); and

   c. whether Yazaki is liable to the Plaintiff and the Ohio Resident Engineer Class members for liquidated damages as prescribed by Ohio Rev. Code § 4113.15(B).

26. Plaintiff's claims are typical of the claims of the Ohio Resident Engineer Class in that all the members of the Ohio Resident Engineer Class, including Plaintiff, suffered from the same pay practices perpetuated by Yazaki in violation of OPPA, and in the same manner.

27. Plaintiff, as a member of the putative Ohio Resident Engineer Class who has also been subjected to Yazaki's OPPA violations, will adequately protect the interests of said class.

# VI. CAUSES OF ACTION

## A. VIOLATIONS UNDER THE FLSA

28. The preceding paragraphs are incorporated by reference.

29. As set forth above, Yazaki violated the FLSA with respect to Plaintiff and Members of the FLSA Class by misclassifying them as "exempt" employees and, as a result, by failing to properly compensate for overtime hours, as described above. 29 U.S.C. §§ 206, 207. Instead of paying Plaintiff and Members of the Class, who should have been classified as non-exempt employees, a regular hourly rate plus overtime at 1.5 times the regular hourly rate (for hours over 40 in a workweek), Yazaki paid them a salary plus straight-time overtime (for hours worked over 45 in a workweek).

30. Plaintiff and Members of the FLSA Class are entitled to recover at least a minimum wage for all hours worked, as well as overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207, 216 (b).

31. In addition, Plaintiff and Members of the FLSA Class are entitled to liquidated damages in an amount equal to their unpaid wages, including overtime wages. 29 U.S.C. § 216(b).

32. Moreover, Plaintiff and Members of the FLSA Class are entitled to reasonable attorneys' fees and costs. *Id*.

### B. VIOLATIONS OF OHIO LAW

33. The preceding paragraphs are incorporated by reference.

34. Yazaki violated the OPPA, O.R.C. § 4113.15, by failing to timely pay Plaintiff and members of the Ohio Resident Engineer Class.

35. Due to Yazaki's violation of the OPPA, O.R.C. § 4113.15, Plaintiff and members of the Ohio Resident Engineer Class are entitled to recover an amount equal to six percent of their unpaid wages or $200, whichever is greater, and all other relief available under Ohio law.

## VII. JURY DEMAND

36. Plaintiff demands a jury trial. Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court enter final judgment against Yazaki North America Inc. for:

1. damages for the full amount of unpaid wages due under the FLSA in favor of Plaintiff and Members of the FLSA Class;

2. damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiff and Members of the FLSA Class;

3. an amount equal to unpaid wages, including unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiff and Members of the FLSA Class;

4. liquidated damages pursuant to O.R.C. § 4113.15 in favor of Plaintiff and members of the Ohio Resident Engineer Class;

5. reasonable attorneys' fees, costs and expenses of this action;

6. pre-judgment and post-judgment interest at the highest rate allowed by law; and

7. such other and further relief as may be allowed by law.

DATED this 3rd day of March, 2017.	Respectfully submitted,

By: /s/ *Philip J. Goodman*
Philip J. Goodman (P14168)
PHILIP J. GOODMAN, P.C.
280 N. Old Woodward Ave.
Suite 407
Birmingham, MI 48009
248-647-9300
pjgoodman1@aol.com

and

By: /s/ *Robert W. Cowan*
Robert W. Cowan
BAILEY PEAVEY BAILEY
COWAN HECKAMAN PLLC
440 Louisiana St., Suite 2100
Houston, Texas 77002
713-425-7100
rcowan@bpblaw.com

Attorneys for Plaintiffs