UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD SUTKA, on behalf of himself
and others similarly situated,

        Plaintiff,         Case No. 17-10669

v.         Paul D. Borman
        United States District Judge

YAZAKI NORTH AMERICA INC.,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

In this putative class action, Plaintiff Todd Sutka alleges that his employer, Defendant Yazaki North America Inc., misclassified him and other employees in similar positions as exempt from overtime pay under the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.*, and consequently failed to pay them overtime compensation to which they were entitled. Plaintiff seeks unpaid wages under the FLSA, as well as liquidated damages for late payment of wages under the Ohio Prompt Pay Act ("**OPPA**"), Ohio Rev. Code § 4113.15.

Now before the Court is Defendant's Partial Motion to Dismiss. Defendant seeks dismissal of Plaintiff's OPPA claim only, citing language in the statute that limits recovery of liquidated damages to cases involving unpaid wages that are not in dispute. Accordingly, the issue presented here is largely one of statutory

interpretation. Because the Court finds that Defendant's interpretation is supported by the case law interpreting the relevant statutory text, the Court will grant Defendant's Partial Motion to Dismiss.

## I. BACKGROUND

Defendant is a producer of auto parts, and it sells its products globally to customers that include car manufacturers. In certain circumstances, Defendant details its employees to work in auto assembly plants where its products are installed on new vehicles. Plaintiff works under such an arrangement as a "Resident Engineer" for Defendant at Fiat Chrysler's Jeep plant in Toledo, Ohio. (ECF No. 1, Compl. ¶ 9.) Among other responsibilities, Resident Engineers "actively monitor Yazaki product quality on the assembly line, including physically assembling, diagnosing, repairing, cleaning, and performing other maintenance and quality assurance-related activities for Yazaki's automotive products." (*Id.*) Resident Engineers are not professionally licensed and are trained primarily on the job. (*Id.*)

Plaintiff alleges that until a few years ago, Defendant paid its Resident Engineers hourly, and compensated their overtime at 1.5 times their normal hourly rates. Then, at some time prior to three years before the Complaint was filed, Defendant declared that its Resident Engineers were "exempt" from overtime, and had them (including Plaintiff) sign paperwork acknowledging that change. (Compl.

¶ 10.) Under the new arrangement, Resident Engineers are paid a "'salary' [which is] reflected on their paychecks as an hourly rate for work up to 40 hours in a workweek." (*Id.*) They are then paid additionally for any hours they work in excess of 45 hours in a given workweek, but they are only compensated for those hours at their normal hourly rate. Plaintiff claims that Defendant refers to this pay designation as "straight overtime," "Straight OT," "Straight OT-Salary," or "Premium Pay." (*Id.*) The effect of this pay structure is that Resident Engineers are uncompensated for hours that they work in excess of 40 hours but short of 45 hours in a given week. Moreover, Plaintiff alleges, Defendant's designation of Resident Engineers as "exempt" is a misclassification. Plaintiff alleges that because Resident Engineers are not in fact exempt from the FLSA's wage standards, they are entitled to be paid 1.5 times their standard hourly rate (which itself cannot be lower than the FLSA's minimum wage) for all hours in excess of 40 hours in a week—that is, to be paid as they were before Defendant implemented the current pay structure. (Compl. ¶¶ 11-12.)

Plaintiff filed suit on March 3, 2017. (ECF No. 1, Compl.) In the two-count "Collective and Class Action Complaint," Plaintiff's first claim is a putative collective action brought pursuant to the FLSA, and his second claim is a putative class action brought pursuant to Federal Rule of Civil Procedure 23 to enforce the OPPA. On behalf of himself and the members of the putative plaintiff class,

3

Plaintiff seeks to recover unpaid wages and liquidated damages under the FLSA, and liquidated damages under the OPPA.

Plaintiff's OPPA claim is the subject of the present Partial Motion to Dismiss, which Defendant filed on April 5, 2017. (ECF No. 8, Def.'s Mot.) Plaintiff filed a Response on April 26, 2017 (ECF No. 12), and Defendant filed a timely Reply (ECF No. 13). The Court held a hearing on the Motion on May 26, 2017.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012).

To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court "need not accept as true a legal conclusion couched as a

factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal citations and quotation marks omitted).

In other words, a plaintiff must provide more than "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The Sixth Circuit has recently reiterated that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. DISCUSSION

Through its Partial Motion to Dismiss, Defendant seeks dismissal of Plaintiff's OPPA claim, arguing that the Ohio statute does not entitle a plaintiff to liquidated damages where the reason that the alleged unpaid wages were not paid is a dispute over whether they were in fact owed. Defendant's Motion turns entirely on this question of statutory interpretation.

As set forth in greater detail below, the Court concludes that Defendant's argument has merit, and finds that a dispute over whether the alleged unpaid wages were owed is what accounts for Defendant's failure to pay them. Accordingly, the Court will grant Defendant's Motion and dismiss Plaintiff's OPPA claim from the

5

action.

Two provisions of the OPPA are relevant to Defendant's Motion. Ohio Rev. Code § 4113.15(A) establishes deadlines by which entities must pay their employees the wages they have earned: the first day of a given month for all wages earned in the first half of the preceding month, and the fifteenth day of a given month for all wages earned in the second half of the preceding month.

Ohio Rev. Code § 4113.15(B) is the key OPPA provision for present purposes, and it provides as follows:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

Ohio Rev. Code § 4113.15(B). In short, § 4113.15(B) allows a plaintiff to collect 6% of any wages that are unpaid for more than thirty days, provided that "no contest[,] court order[,] or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment."

That qualification to § 4113.15(B)'s liquidated damages provision is what underpins Defendant's argument for dismissal of Plaintiff's OPPA claim. The central allegation supporting Plaintiff's FLSA claim is that Defendant improperly

6

classified him as FLSA-exempt, and therefore improperly denied him overtime wages. Defendant argues that Plaintiff cannot maintain an OPPA claim on that basis, since OPPA does not justify awarding liquidated damages for unpaid wages in any case in which the employee's claim to the wages is in dispute.

Defendant's reading of § 4113.15(B) is consistent with the only decision by the United States Court of Appeals for the Sixth Circuit interpreting that provision: *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009), *partially abrogated by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).[1] In *O'Brien*, the Sixth Circuit affirmed the district court's holding that under the OPPA, "a dispute accounting for nonpayment precludes the award of liquidated damages to a wage claimant," and elaborated that "disputes" can include both "situations where an employer had to decide whether wages were due as a matter of policy" and situations involving "factual dispute[s] over the hours worked." *O'Brien*, 575 F.3d at 577-78. *O'Brien* itself fell into the latter category while this case, in which the central issue is whether wages were due as a matter of law, is closer to the former. But *O'Brien* makes clear that under the OPPA, disputes over whether wages were

---

[1] The U.S. Supreme Court's decision in *Campbell-Ewald* partially abrogated *O'Brien* on grounds unrelated to *O'Brien*'s discussion of the OPPA. *See Campbell-Ewald*, 136 S. Ct. at 669 (describing the issue over which the Supreme Court abrogated *O'Brien* and two other circuit court decisions as "whether an unaccepted offer [of judgment] can moot a plaintiff's claim, thereby depriving federal courts of Article III jurisdiction"). *O'Brien*'s analysis of the OPPA remains binding precedent.

7

owed are on no different footing than disputes over whether wages were paid, and the court collected Ohio cases demonstrating as much. *See id.* at 577 (citing *Fridrich v. Seuffert Construction Co.*, Inc., 2006 WL 562156, at *4 (Ohio Ct. App. 2006) and *Haines & Company, Inc. v. Stewart*, 2001 WL 166465, at *3 (Ohio Ct. App. 2001)).

In addition, federal district courts have themselves on several occasions found that an employer's dispute of an employee's unpaid wage claim precluded an OPPA claim for liquidated damages. *See, e.g., Terry v. Pro-Mark Contracting, LLC*, No. 14-cv-2542, 2016 WL 3421399, at *6 (N.D. Ohio June 22, 2016) (finding that "because Defendants dispute[] the Plaintiffs' wage claims, the [OPPA] does not create a claim for liquidated damages in this case"); *Dellarussiani v. Ed Donnelly Enterprises, Inc.*, No. 07-cv-00253, 2007 WL 3025340, at *9-*13 (S.D. Ohio Oct. 15, 2007) (granting summary judgment to employer defendants on OPPA claims where they showed that they had a "reasonable basis" for disputing the claims), *aff'd sub nom. O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009); *Jones v. Select Industries Corp.*, No. 04-cv-152, 2006 WL 1705201, at *6 (S.D. Ohio June 16, 2006) (granting summary judgment to employer defendants where it was undisputed that the plaintiff had not followed the procedures that would entitle her to bonus wages, because "where the employer disputes the wage claim, no liquidated damages are due"); *cf. Gen. Truck Drivers*

8

*& Helpers Local Union No. 92 ex rel. Exec. Bd. v. Smith Truck Serv., Inc.*, No. 11-cv-1683, 2012 WL 1658352, at *1 n.1 (N.D. Ohio May 11, 2012) (awarding liquidated damages under the OPPA because the employer defendants had failed to dispute any claim for unpaid wages by failing to appear in the litigation and ultimately defaulting).

Plaintiff attacks this reading of the OPPA from two distinct angles. First, Plaintiff maintains that reading the OPPA to preclude liquidated damages whenever the defendant disputes the underlying unpaid wages claim "guts the statute and renders it all but unenforceable." (Pl.'s Resp. at 11.) Second, Plaintiff makes a textual argument that OPPA's "disputed wages" exemption is part of a disjunctive clause that pertains only to situations in which "no regularly scheduled payday is applicable . . . ," Ohio Rev. Code § 4113.15(B), and since that is not true in this case, the exemption does not apply.

The first of these arguments relies chiefly on *Monahan v. Smyth Auto., Inc.*, No. 10-cv-00048, 2011 WL 379129 (S.D. Ohio Feb. 2, 2011). In that case, the court expressed the concern that "[an] argument that a dispute about wages precludes a suit under 4113.15 would render 4113.15 impotent because any suit under 4113.15 necessarily means that a dispute about wages exists." *Id.* at *9 ("The Court cannot believe that the Ohio legislature intended to, on the one hand, provide employees with an avenue of relief if their employer fails to pay them

promptly but, on the other hand, take that avenue away should the employee sue to enforce their right to prompt payment.").

But this concern has a ready answer in the governing precedent. In *O'Brien*, the Sixth Circuit considered and rejected a similar argument, explaining that

> there could be situations where, under [that] interpretation of the statute, the liquidated-damages provision could come into play. Suppose an employer had promised to pay a certain sum, and the employees agreed that this sum was their due wage. However, a clerical glitch prevented the sum from being delivered to the employees. In such a situation, the employer could not reasonably maintain that a "dispute" accounted for nonpayment. Likewise, if an employer were short on incoming cash, and consequently had to delay paying its employees, but conceded the employees' entitlement to payment, the employer could not reasonably argue that a "dispute" accounted for nonpayment. Further, because application of the statute's safe harbor requires that there be a contest, court order, or dispute of a wage claim accounting for nonpayment, it is proper to focus on whether the asserted dispute accounts for the nonpayment. Thus, it is not the case that any recalcitrant employer can simply declare that there is a dispute and then retroactively insulate its actions.

*O'Brien*, 575 F.3d at 578. To the extent that *Monahan* stands for the proposition that barring OPPA claims based on disputed wages undermines the statute itself, *Monahan* is in conflict with *O'Brien*, and *O'Brien*'s interpretation of the OPPA is binding on this Court.

For the same reason, the Court must reject Plaintiff's contention that the exemption should not apply here because the statute places it within a disjunctive clause pertaining only to "case[s] where no regularly scheduled payday is

10

applicable . . . ." Ohio Rev. Code § 4113.15(B). The essence of this argument is that the clause in which the exemption is set forth should be read as self-contained, and that if it were removed, § 4113.15(B) would simply provide that "[w]here wages remain unpaid for thirty days beyond the regularly scheduled payday . . . the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid . . . or two hundred dollars, whichever is greater." *Id.* Whatever the merits of this interpretation, it is inconsistent with *O'Brien*, and so the Court declines to read the statute in this way.

Plaintiff cites three other cases to show that "[o]ther courts have . . . allowed recovery for claims under the OPPA even where [the] defendant 'disputed' those claims" (Pl.'s Resp. at 14), but these cases are unavailing to Plaintiff. In *Hawkins v. Laurel Valley Oil Co.*, 2002 WL 253774 (Ohio Ct. App. Feb. 19, 2002), the Ohio Court of Appeals upheld an award of liquidated damages where the underlying unpaid wage claim was disputed, but the court did not address the "dispute" issue because the only issue on appeal was the unrelated question of whether the award of liquidated damages should be set off by an amount that the defendant had already paid to the plaintiff. *See id.* at \*1-2. *Twaddle v. RKE Trucking Co.*, No. 04-cv-557, 2006 WL 840388 (S.D. Ohio Mar. 29, 2006), was expressly disapproved of both by the district court in *Dellarussiani* and by the Sixth Circuit in *O'Brien*.

*See O'Brien*, 575 F.3d at 578 n.3 (criticizing Twaddle's analysis of liquidated damages under Ohio law as "truncated" and rejecting the court's premise that "it was for the trier of fact to decide whether the defendant employer could show it acted with 'good faith'"); *Dellarussiani*, 2007 WL 3025340, at *9 n.2 ("*Twaddle* does not contain any analysis or interpretation of [§ 4113.15.] Furthermore, the *Twaddle* defendant-employer conceded liability on [some of] plaintiffs' claims . . . and the facts were undisputed as to plaintiffs' remaining claims."). And Plaintiff's final cited case, *Sonnhalter v. Wilson*, 1999 WL 547966 (Ohio Ct. App. July 26, 1999), is actually unfavorable to him: Plaintiff characterizes *Sonnhalter* as affirming a liquidated damages award despite the employer's "contention that there was a dispute concerning the amount due" (Pl.'s Resp. at 14-15 (quotation marks omitted)), but this ignores the fact that in *Sonnhalter*, the Ohio Court of Appeals expressly *rejected* the employer's argument that there was a dispute, because record evidence showed that the employer had conceded in her deposition that she owed wages to the plaintiff. *See Sonnhalter*, 1999 WL 547966, at *5.

Plaintiff's reading of the OPPA thus depends squarely on *Monahan*, and any persuasive authority *Monahan* has is outweighed by the binding precedent in *O'Brien* as well as the greater persuasive authority reflected in the other state and federal decisions discussed above. Accordingly, the Court concludes that liquidated damages are not available under § 4113.15(B) when the underlying

unpaid wage claim is disputed by the employer.

The Court further finds that Plaintiff's allegations in this case establish the existence of a dispute "accounting for nonpayment" under the OPPA. Plaintiff has not alleged that Defendant conceded that he was owed unpaid wages (as was the case in *Sonnhalter*), or that an administrative error accounted for Defendant's failure to pay the wages at issue (as was suggested as a hypothetical possibility in *O'Brien*). Instead, as Defendant accurately puts it, Plaintiff alleges that Defendant "classified him as FLSA-exempt, but that his primary duties were inconsistent with the exemption, thereby entitling him to overtime under the FLSA." (Def.'s Repl. at 13.) In this way, the Complaint facially demonstrates the existence of a "dispute accounting for nonpayment," and under the Sixth Circuit's interpretation of the OPPA, such a dispute precludes the recovery of liquidated damages. Plaintiff's OPPA claim must therefore be dismissed.

## IV. CONCLUSION

For the reasons above, the Court hereby GRANTS Defendant's Partial Motion to Dismiss.

IT IS SO ORDERED.

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: June 9, 2017

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 9, 2017.

                                                s/D. Tofil
                                                Deborah Tofil, Case Manager