# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD SUTKA, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

YAZAKI NORTH AMERICA INC.,

    Defendant.
_____/

Case No. 2:17-cv-10669-PDG-SDD

**PHILIP J. GOODMAN, P.C.**
Philip J. Goodman (P14168)
280 N. Old Woodward Ave., Suite 407
Birmingham, MI 48009
248-647-9300
pjgoodman1@aol.com
Attorney for Plaintiffs

**JACKSON LEWIS P.C.**
Allan S. Rubin (P44420)
Daniel C. Waslawski (P78037)
2000 Town Center, Suite 1650
Southfield, MI 48075
248-936-1900
rubina@jacksonlewis.com
daniel.waslawski@jacksonlewis.com
Attorneys for Defendant

**BAILEY PEAVY BAILEY COWAN
HECKAMAN PLLC**
Robert W. Cowan
5555 San Felipe Street, Suite 900
Houston, Texas 77056
713-425-7100
rcowan@bpblaw.com
Attorney for Plaintiffs
_____/

## SETTLEMENT AGREEMENT AND RELEASE

    This Settlement Agreement and Release ("Agreement") is entered into by and between Todd Sutka, along with his heirs, estate, executors, administrators, personal representatives, successors, and/or assigns ("Plaintiff") and Yazaki North America, Inc. ("Defendant") (Plaintiff and Defendant are collectively referred to herein as the "Parties"), and is based on the following recitals:

Todd Sutka's initials _____

Page 1 of 8

I. On March 3, 2017, Plaintiff filed an action against Defendant in the United States District Court for the Eastern District of Michigan, in which Plaintiff sought relief for, among other things, alleged violations of the Fair Labor Standards Act of 1938, ("FLSA"), 29 U.S.C. §§ 201 et seq., and the Ohio Prompt Pay Act, O.R.C. § 4113.15 et seq. ("OPPA") (collectively the "Action");

II. On March 28, 2017, the Court entered a stipulated order extending the time for Defendant to file its Answer or otherwise respond to Plaintiff's Complaint through and including April 5, 2017;

III. On April 5, 2017, the Defendant timely moved to dismiss Count II of Plaintiff's Complaint pursuant to Fed. R. 12(b)(6) and timely filed its Answer as to Count I of Plaintiff's Complaint.

IV. On June 9, 2017, the Court granted Defendant's motion to dismiss Count II and dismissed it with prejudice.

V. On July 19, 2017, Plaintiff filed his Motion for Conditional Class Certification;

VI. On August 9, 2017, the Defendant filed its Response to Plaintiff's Motion for Conditional Certification. Plaintiff filed a Reply to Defendant's Opposition on August 23, 2017; on November 8, 2017, the Defendant filed its Supplemental Memorandum in Support of its Response; and on November 15, 2017, Plaintiff filed his Supplemental Reply in support of his Motion.

VII. On March 12, 2018, the Court denied Plaintiff's Motion for Conditional Class Certification without prejudice;

VIII. On July 10, 2018, the Parties participated in a mediation with a Court-appointed mediator. At the conclusion of the mediation, the mediator provided the Parties with a mediator's proposal based on his evaluation of the case. On July 17, 2018, both Parties accepted the mediator's proposal and reached the settlement set forth in this Agreement;

IX. In addition to the settlement of this claim, the Parties also reached a separate agreement to separate Sutka's employment from Defendant, the terms of which are set forth in a separate Severance Agreement, whereby Plaintiff has agreed to voluntarily resign from his employment with Defendant;

X. Plaintiff believes that settlement is in his best interest;

XI. Defendant denies any and all alleged violations of law and any and all liability for the claims alleged in the Action. Accordingly, this Agreement was negotiated with the

Todd Sutka's initials _____ Page 2 of 8

understanding that this settlement does not constitute an admission or an adjudication of wrongdoing or liability;

XII.   The Parties are represented by experienced counsel and have entered into this Agreement upon the advice of counsel after being fully informed of their legal rights and after participating in facilitation with a neutral facilitator;

XIII.   This Agreement was negotiated between persons representing substantial adverse interests, who were fully informed concerning the legal rights, issues, and evidence involved in the Action, who negotiated in good faith, at arm's length, and with the assistance of a Court appointed mediator. Moreover, bona fide disputes and controversies exist between the Parties, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies, Plaintiff and Defendant desire to compromise and settle fully and finally, by the execution of the Agreement, all claims and causes that were alleged or could have been alleged in the Action; and

XIV.   The Parties stipulate that the settlement is reasonable due to the uncertainty of Plaintiff's claims which Defendant vigorously disputes.

In consideration of the promises and mutual covenants contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree:

1. **Consideration.** In consideration for signing this Agreement, including the promises herein, and for the compliance with the promises made herein by the undersigned, Plaintiff agrees to accept the gross amount of **TWELVE THOUSAND, FIVE HUNDRED DOLLARS AND ZERO CENTS ($12,500.00)** to be apportioned as follows:

   a) A check payable to Todd Sutka in the gross amount of **FOUR THOUSAND ONE DOLLARS AND SIXTY CENTS ($4,001.60)**, less all applicable withholdings for state and federal taxes, in compromise and settlement of Plaintiff's alleged lost wages;

   b) A check payable to Todd Sutka in the amount of **FOUR THOUSAND ONE DOLLARS AND SIXTY CENTS ($4,001.60)** in compromise settlement of Plaintiff Sutka's claims for alleged liquidated and other damages. This payment shall be reported to the IRS by issuance of a Form 1099.

   c) Payment of the total amount of **FOUR THOUSAND FOUR HUNDRED NINETY-SIX DOLLARS AND EIGHTY CENTS ($4,496.80)** in compromise of Plaintiff's claim for costs and attorney's fees, payable as follows:

   i.   To The Law Offices of Phillip J. Goodman, P.C. in the amount of **$1,488.96**. This amount shall be reported to the IRS by issuance of a Form 1099.

Todd Sutka's initials _____

Page 3 of 8

      ii.      To The Law Offices of Bailey Peavy Bailey Cowan Heckaman PLLC in the amount of **$3,007.84**. This amount shall be reported to the IRS by issuance of a Form 1099.

Plaintiff acknowledges and agrees that he is solely responsible for any and all additional federal, state and local taxes that may be due from the settlement sum, whether it is determined that any additional taxes are owed based on the taxation laws in effect on the date of execution of this Agreement or that may become due at any time in the future because of a change to the laws governing the taxation of such settlement proceeds. Plaintiff expressly acknowledges and agrees that he is relying upon his own legal and/or tax advisors, and not upon Defendant or its attorneys, with respect to any tax aspects of this Agreement.

Defendant agrees to make the Settlement Payment within Seven (7) days of the later of (a) delivery of an executed copy of this Agreement signed by Plaintiff to Defense Counsel along with W-9 forms from Plaintiff and his counsel, and (b) the Court approval of the settlement, as more fully described below.

      **2.**      **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that he would not receive the settlement monies and/or benefits specified in paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

      **3.**      **Release of Claims.** Plaintiff, for himself and any and all of his heirs, agents, assignees or by anyone claiming by or through them, knowingly and voluntarily releases and forever discharges Defendant, its owners, parent companies, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims Plaintiff has or perceives himself to have from the beginning of time up to the date of the execution of this Agreement. The release granted by this provision is a general release and includes any and all claims that were or that could have been alleged in this case as well as those that reasonably arise out of the acts alleged in the Action, including, but not limited to all claims for failure to pay minimum wage and/or overtime in violation of the FLSA, or in any other form or fashion including associated attorneys' fees, liquidated damages, interest, and penalty claims. This is a general release intended to be interpreted as broadly as the law permits. This release shall not be interpreted to invalidate, render ineffective, or alter the terms or legal effect of the contemporaneous Severance Agreement signed by the Parties.

If any claim arising from the beginning of time up to the date the Court approves this settlement is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any other Releasee identified in this Agreement is a party, and expressly waive their right to the recovery of any proceed from such proceeding.

Todd Sutka's initials _____                                                        Page 4 of 8

4.  **Dismissal of Action.** Upon complete execution of this Agreement the Parties agree that Plaintiff's counsel will cause to be filed with the Court a Joint Motion for Court Approval of Settlement, which as part of the settlement, will dismiss this Action, with prejudice and without fees and costs in the form attached hereto as Exhibit A. Should the Court not approve the settlement, the Parties agree that they will have forfeited no rights and will revert to the status of the Action as it existed on July 9, 2018. Defendant will provide Plaintiff with a draft Motion to Approve the Settlement within seven (7) days of the execution of this Agreement.

5.  **Acknowledgments and Affirmations.**

    Plaintiff affirms that he has reported all hours worked as of the date of this Agreement and has been paid and/or has received from Defendant all compensation, wages, bonuses, and/or commissions to which he may be entitled, and that no other compensation, wages, bonuses, and/or commissions are due to him, except as provided in this Agreement and the contemporaneously executed Severance Agreement;

    Plaintiff affirms that he has not filed, caused to be filed, or is presently a party to any claim against Defendant or any of the Releasees with any local, state, or federal agency or court, except for the Action referenced above;

    Plaintiff affirms that he has not divulged any financial, proprietary or confidential information of Defendant or any of the Releasees and Plaintiff will continue to maintain the confidentiality of such information consistent with Defendant's policies and/or any applicable common law;

    Plaintiff affirms that he has no present knowledge that he has suffered and/or sustained any work-related accidents, injuries and/or occupational diseases while affiliated with Defendant or any of the Releasees for which issues of liability have not already been fully resolved;

    Both Plaintiff and Defendant acknowledge that this Agreement does not limit any Party's right, where applicable, to file or to participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made that arose from the beginning of time up to the date of the approval of this settlement by the Court, he shall not be entitled to recover any individual monetary relief or other individual remedies.

6.  **Confidentiality/Covenant not to Publicize.** The Parties acknowledge that settlement of claims brought pursuant to the Fair Labor Standards Act requires approval by the Court. In seeking approval of this Settlement, the Parties agree that they will first seek to file the Settlement Agreement under seal pursuant to the terms of a Protective Order. In the event that the Court requires that this Agreement be made part of the public record for the Action, the Parties and their respective attorneys and representatives agree not to: (a) publicize the terms of this Agreement to any person, newspaper, magazine, radio or television station, Internet site, blog site or other posting site, and/or (b) advise to any present or former employees of the Releasees of the settlement, except as required by law. If it is established in a court of competent jurisdiction that any Plaintiff breached or caused any breach of this covenant of non-disclosure or of any other clause of this Agreement, he will: (i)

Todd Sutka's initials _____                                                          Page 5 of 8

forfeit any monies due, but unpaid hereunder; (ii) be liable for all actual damages; (iii) pay liquidated damages of $2,500; and (iv) be liable for attorney fees associated with a breach of this provision. Notwithstanding the foregoing, upon inquiry from third parties, the Parties may indicate that this dispute was "resolved."

Notwithstanding the forgoing, nothing contained herein shall be construed to prevent the disclosure of the amount and terms of settlement to the Parties' accountants, auditors, financial advisors, spouse, attorneys, tax authorities, or to any regulatory agency or court when required by law or court order to do so or when reasonably necessary for accounting, auditing, financial, legal, or tax purposes.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Michigan without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement. Notwithstanding the forgoing, this Agreement shall not be deemed to supersede (1) the Severance Agreement executed by Plaintiff on this same date, which for purposes of interpretation and enforcement, shall be fully enforceable to the greatest extent permissible by law, as both agreements are supported by separate consideration, and each create separate and distinct enforceable obligations on the parties; and (2) any and all confidentiality agreements, including but not limited to (a) the Proprietary Information Acknowledgment dated December 12, 2005, and May 9, 2007 respectfully, or the Confidentiality and Release of Information, Corporate Policy YACP-0046, and (c) any other agreement and/or policies related to confidentiality of business and proprietary information.

10. **Counter-Parts and Signature:** This Agreement may be executed in counter-parts and when combined, shall be deemed a fully integrated agreement amongst the parties. Electronic copies of signatures shall have the same force and effect as original signatures.

11. **Acknowledgements.**

PLAINTIFF IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21)

Todd Sutka's initials _____

CALENDAR DAYS TO CONSIDER ("CONSIDERATION PERIOD") THIS AGREEMENT. PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.

PLAINTIFF MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY HE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO COUNSEL FOR DEFENDANT, DANIEL C. WASLAWSKI, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE DELIVERED VIA CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED, TO DANIEL C. WASLAWSKI'S OFFICE AT 2000 TOWN CENTER, SUITE 1650, SOUTHFIELD, MI 48075, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFF SIGNS THIS AGREEMENT.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES AS SET FORTH HEREIN.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

TODD SUTKA

[signature]

Dated: 7-31-2018

AS TO ATTORNEYS' FEES AND COSTS:

[signature]

PHILLIP J. GOODMAN, P.C.
By: Phillip J. Goodman
Its: President
Dated: 7-31-2018

DEFENDANT

_____
YAZAKI NORTH AMERICA, INC.
By:
Its:
Dated:

Todd Sutka's initials [initials]

Page 7 of 8

   PLAINTIFF IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER ("CONSIDERATION PERIOD") THIS AGREEMENT. PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.

   PLAINTIFF MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY HE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO COUNSEL FOR DEFENDANT, DANIEL C. WASLAWSKI, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE DELIVERED VIA CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED, TO DANIEL C. WASLAWSKI'S OFFICE AT 2000 TOWN CENTER, SUITE 1650, SOUTHFIELD, MI 48075, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFF SIGNS THIS AGREEMENT.

   PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

   PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES AS SET FORTH HEREIN.

  The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

| TODD SUTKA | DEFENDANT |
|---|---|
| _____ <br> Dated: | *[signature]* <br> YAZAKI NORTH AMERICA, INC. <br> By: JAMES P. ROMINE <br> Its: EXECUTIVE VICE PRESIDENT <br> Dated: AUGUST 2, 2018 |

**AS TO ATTORNEYS' FEES AND COSTS:**

_____
PHILLIP J. GOODMAN, P.C.
By:
Its:
Dated:

*[signature]*

BAILEY PEAVY BAILEY COWAN
HECKAMAN PLLC
By: Robert Cowan
Its: Partner
Dated: 8/2/2018

Todd Sutka's initials _[initials]_

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD SUTKA, on behalf of himself
and others similarly situated,

    Plaintiff,

v.                                  Case No. 2:17-cv-10669-PDG-SDD

YAZAKI NORTH AMERICA INC.,

    Defendant.
_____/

| | |
|---|---|
| **PHILIP J. GOODMAN, P.C.**<br>Philip J. Goodman (P14168)<br>280 N. Old Woodward Ave., Suite 407<br>Birmingham, MI 48009<br>248-647-9300<br>pjgoodman1@aol.com<br>Attorney for Plaintiffs | **JACKSON LEWIS P.C.**<br>Allan S. Rubin (P44420)<br>Daniel C. Waslawski (P78037)<br>2000 Town Center, Suite 1650<br>Southfield, MI 48075<br>248-936-1900<br>rubina@jacksonlewis.com<br>daniel.waslawski@jacksonlewis.com<br>Attorneys for Defendant |
| **BAILEY PEAVY BAILEY COWAN HECKAMAN PLLC**<br>Robert W. Cowan<br>5555 San Felipe Street, Suite 900<br>Houston, Texas 77056<br>713-425-7100<br>rcowan@bpblaw.com<br>Attorney for Plaintiffs | |

_____/

**STIPULATED ORDER OF DISMISSAL**

This matter having come before the Court on the Joint Motion of the Parties, the Court having reviewed and approved the settlement amongst the Plaintiff and Defendant, and the Court being otherwise duly advised in the premises:

**IT IS HEREBY ORDERED** that the settlement be and is approved and that this case be and is hereby dismissed in its entirety with prejudice without attorneys' fees and costs.

**IT IS SO ORDERED**:

Dated: _____

UNITED STATES DISTRICT COURT JUDGE

So Stipulated:

_____  _____
**PHILIP J. GOODMAN, P.C.**                Allan S. Rubin (P44420)
Philip J. Goodman (P14168)                 Daniel C. Waslawski (P78038)
280 N. Old Woodward Ave., Suite 407        **Jackson Lewis P.C.**
Birmingham, MI 48009                       *Attorneys for Defendant*
248-647-9300                               2000 Town Center, Suite 1650
pjgoodman1@aol.com                         Southfield, MI 48322
Attorney for Plaintiffs                    Phone: (248) 936-1900
                                           Fax: (248) 936-1901
                                           rubina@jacksonlewis.com

**BAILEY PEAVY BAILEY COWAN HECKAMAN PLLC**
Robert W. Cowan
5555 San Felipe Street, Suite 900
Houston, Texas 77056
713-425-7100
rcowan@bpblaw.com
Attorney for Plaintiffs